UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM REESE,

    Plaintiff,

v.                                       Case No. 08-10261

MICHIGAN DEPARTMENT OF         Honorable Patrick J. Duggan
CORRECTIONS and GERALD BROWN,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 3, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On January 17, 2008, William Reese ("Plaintiff") filed this suit against the Michigan Department of Corrections ("MDOC") and Gerald Brown, the Assistant Deputy Warden at the Camp White Lake correctional facility, alleging employment discrimination on the basis of gender. Plaintiff challenged Defendants' refusal to assign male corrections officers to the third-shift control center and work crew supervisor positions at Camp White Lake, an all-female correctional facility. The Complaint asserted claims under Michigan law and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, but the parties stipulated to dismissal of all claims except the Title VII sex discrimination claim against the MDOC. The MDOC moved for summary judgment, and the Court

denied its motion in an Opinion and Order dated March 24, 2009.  After a four-day trial, the jury found for Plaintiff on his discrimination claim, but only with regard to the work crew supervisor assignment, and awarded damages of $50,000.  Before the Court is Plaintiff's Motion for Attorney's Fees and Costs.  The matter has been fully briefed, and on March 1, 2011, the Court notified the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons stated below, the Court grants Plaintiff's Motion in part and denies it in part.  The Court also stays the award of attorney's fees pending resolution of the MDOC's appeal.

## I. Governing Law

The Court, in its discretion, may award a reasonable attorney's fee to the "prevailing party" in a Title VII action, unless the prevailing party is the United States or the Equal Employment Opportunity Commission.  42 U.S.C. § 2000e-5(k).  The prevailing party should normally recover an attorney's fee, unless special circumstances render such an award unjust.  *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983).[1]

In determining the amount of a reasonable fee, the Court begins with the "lodestar," defined as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.* at 433, 103 S. Ct. at 1939.  The Court excludes from this initial fee calculation hours that were not "reasonably expended," as "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to

---

[1] Although *Hensley* interpreted provisions relating to the recovery of attorney's fees under 42 U.S.C. § 1988, the standards set forth in that case generally apply to all statutes in which Congress has authorized the award of fees to a "prevailing party."  *Hensley*, 461 U.S. at 433 n.7, 103 S. Ct. at 1939 n.7.

2

statutory authority." *Id.* at 434, 103 S. Ct. at 1939-40 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

"The product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* The Court may adjust the fee based on the results obtained, and this factor is especially important where a plaintiff succeeds only on some of his claims. *Id.* at 434, 103 S. Ct. at 1940. Where a plaintiff asserts "distinctly different claims for relief that are based on different facts and legal theories," counsel's work on one claim is unrelated to the other. *Id.* In such cases, the Court cannot award fees for services relating to unsuccessful claims. *Id.* at 435, 103 S. Ct. at 1940.

Where the plaintiff's claims involve a common core of facts or are based on related legal theories, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* The Court focuses on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* "Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Id.* "If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436, 103 S. Ct. at 1941. "There is no precise rule or formula for making these determinations, and the Court may "attempt to identify specific hours that should be eliminated, or . . . simply reduce the award to account for the limited success."

*Id.* at 436-37, 103 S. Ct. at 1941. The court has discretion in making this judgment, *id.*, but must provide a "clear and concise explanation of its reasons for the fee award." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

## II. Discussion

### A. The MDOC's Request to Stay Consideration of this Matter

The MDOC has appealed the judgment against it, and asks the Court to stay any consideration of this matter pending resolution of that appeal. The MDOC argues that this would best serve the interests of judicial economy, because if this Court's denial of summary judgment is reversed on appeal, Plaintiff would no longer be a "prevailing party" entitled to attorney's fees. Delaying consideration of this issue, however, would simply prolong the litigation if the appeal fails. The MDOC will suffer no prejudice from the Court's determination of an attorney's fee award, as the Court is empowered to stay its order pending resolution of the appeal. The Court therefore declines the MDOC's request to hold this matter in abeyance.

### B. Determination of a Reasonable Attorney's Fee

The MDOC does not dispute Plaintiff's lodestar calculation, but argues that a reduction is necessary. There is, however, a "strong presumption" that the lodestar represents a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641 (1992).

The MDOC first asserts that a reduction is necessary because the attorney's fee sought, $60,837.50, exceeds the jury's award of $50,000. The Court is unaware of any authority restricting the attorney's fee award to the amount of damages awarded, and notes

that there is ample precedent to the contrary. *See, e.g., McCombs v. Meijer, Inc.*, 395 F.3d 346, 361 (6th Cir. 2005) (affirming attorney's fee award of $460,450 in sexual harassment suit where jury's award totaled $125,000). Mechanically reducing the award of attorney's fees in such cases would undermine the statute's remedial scheme. In enacting the fee-shifting provisions of Title VII, Congress sought to provide economic incentive to try meritorious cases defining and enforcing the statute's policies. *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Limiting the award of attorney's fees to the amount of the damage award would confine this incentive to those cases in which large financial losses resulted from discrimination, a result that is contrary to the statute's purpose.

The MDOC next argues that a reduction from the lodestar is necessary because Plaintiff prevailed only on his claim relating to the work crew supervisor assignment. "When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Jordan v. City of Cleveland*, 464 F.3d 584, 604 (6th Cir. 2006) (quoting *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1169 (6th Cir. 1996)). Litigation is not an exact science, and lawyers "cannot preordain which claims will carry the day and which will be treated less favorably." *Id.* "Fee awards comport with that reality by giving full credit to a meaningfully successful plaintiff, rather than making a mechanical per-losing-claim deduction from an attorney's fee award." *Id.* (citing *Hensley*, 461 U.S. at 435, 103 S. Ct. at 1940).

Plaintiff challenged the MDOC's decision to restrict the work crew supervisor and third-shift control center positions to female corrections officers. He therefore employed a

5

fact-intensive analysis, criticizing the rationale underlying these restrictions. While some aspects of this analysis were necessarily position-specific, others were more general, such as Plaintiff's exploration of the influence of prisoner complaints and the *Everson* decision on the MDOC's decisions. There was also significant overlap in discovery, as some witnesses provided information relating to both claims. Plaintiff marshaled facts specific to each position, but his argument was based on a common legal theory that the female-only restrictions were not reasonably necessary to the normal operation of Camp White Lake. The Court concludes that under these circumstances it would be impractical to account for the hours expended on each portion of the discrimination claim. Furthermore, even if it were practical to divide the hours in such a manner, the Court is not convinced that the cost and effort required to litigate this suit would have differed significantly absent the claim relating to the third-shift control center assignment.

The Court next considers the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation. The jury awarded Plaintiff compensation based on the denial of the work crew supervisor assignment. Plaintiff had also sought damages for the denial of the third-shift control center assignment, but his award was significant nonetheless. In light of the issues involved in this suit and the relief obtained, the hours claimed by Plaintiff's counsel do not appear to be excessive.[2] This case was not so novel that it mandates an enhanced award, but the Court concludes that an award based

---

[2] The MDOC claims that the itemization of time provided by Plaintiff's counsel includes only 230.75 hours. MDOC Br. 7 n.11. The Court has verified, however, that Plaintiff's total of 243.35 hours corresponds with the provided time itemization. *See* Pl.'s Br. Ex. 3.

on a reasonable rate for the hours claimed by Plaintiff is appropriate. The MDOC has not disputed Plaintiff's suggested rate of $250.00 per hour, and the Court finds that this rate is not excessive. Accordingly, the Court concludes that an attorney's fee award of $60,837.50 is appropriate.

**C. Costs**

Plaintiff seeks $6,180.31 for costs incurred during this action. Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Eastern District of Michigan Local Rule 54.1 establishes the process that a litigant seeking to recover costs must follow:

> A party seeking costs must file a bill of costs no later than 28 days after the entry of judgment. The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's web site.

Although Plaintiff has attached an itemization of his litigation costs to his Motion, *see* Pl.'s Br. Ex. 5, it does not include sufficient detail to determine whether the listed costs are allowable. The Court therefore denies Plaintiff's Motion for Costs without prejudice, and directs Plaintiff to follow the process outlined by Local Rule 54.1 if he seeks to recover an award for the costs of this litigation.

### III. Stay of Judgment

The Court notes that if its denial of the MDOC's motion for summary judgment is reversed on appeal, Plaintiff would no longer be a "prevailing party" entitled to attorney's fees. A stay is therefore appropriate. Federal Rule of Civil Procedure 62(d) "entitles a

party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). The filing of a bond, however, is not the only way to obtain a stay; Rule 62(d) speaks only to stays granted as a matter of right, rather than stays granted by the Court in accordance with its discretion. *Id.* "[A]n inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id.* (quoting *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). The Court believes that the state's ability to pay the judgment against it in this case, if that judgment is upheld on appeal, is beyond dispute. The Court therefore grants the MDOC's request for a stay without a bond.

### IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs is **GRANTED IN PART AND DENIED IN PART.** Plaintiff is awarded attorney's fees totaling $60,837.50, and directed to file a bill of costs pursuant to Eastern District of Michigan Local Rule 54.1 within **fourteen (14) days** if he seeks to recover costs.

**IT IS FURTHER ORDERED** that this Court's Order awarding attorney's fees is **STAYED** until the Sixth Circuit Court of Appeals issues its mandate with respect to this Court's decision denying the MDOC's Motion for Summary Judgment. If the Court of Appeals affirms this Court's decision, the MDOC shall pay the attorney's fees award within **fourteen (14) days** of the appellate court's mandate.

s/PATRICK J. DUGGAN

                                         UNITED STATES DISTRICT JUDGE

Copies to:

Glen N. Lenhoff, Esq.
Robert D. Kent-Bryant, Esq.
Erik A. Grill, A.A.G.
Steven M. Cabadas, A.A.G.